UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALAIN J. VIERGUTZ,

    Plaintiff,

v.

DAIKIN APPLIED AMERICAS INC.,

    Defendant.

Case No. 1:18-cv-25345-JEM

**DEFENDANT DAIKIN APPLIED AMERICAS INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Daikin Applied Americas Inc. ("Daikin Applied") hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Alain J. Viergutz ("Plaintiff"), stating as follows:

**Jurisdiction and Venue**

1.    In response to the allegations in Paragraph 1 of the Complaint, Daikin Applied admits only that Plaintiff has brought this action for damages, alleging in excess of $15,000 in damages. Except as specifically admitted, Daikin Applied denies each and every remaining allegation therein.

2.    Upon information and belief, Daikin Applied admits that Plaintiff is a resident of Miami-Date County, Florida.

3.    In response to the allegations in Paragraph 3 of the Complaint, Daikin Applied admits that it is a Delaware corporation with a principal place of business in Minneapolis, Minnesota. Except as specifically admitted, Daikin Applied denies the remaining allegations contained in Paragraph 3.

4. The allegations set forth in Paragraph 4 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Daikin Applied admits that venue in this Court is proper pursuant to 28 U.S.C. § 1441(a), as the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, the court from which Plaintiff's Complaint was removed, is located within the Southern District of Florida; but Daikin Applied denies that there has been any violation of law or that Plaintiff has suffered any injuries and denies the remaining allegations contained in Paragraph 4 of the Complaint.

**Factual Allegations**

5. Daikin Applied denies the allegations contained in Paragraph 5 of the Complaint. Upon information and belief, the quotation contained in Paragraph 5 of the Complaint appears on the website of a third party contractor, not a Daikin-brand website.

6. The allegations contained in Paragraph 6 of the Complaint and vague and ambiguous and, as such, Daikin Applied denies those allegations.

7. Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, which has the effect of a denial.

8. Daikin Applied admits only that Plaintiff has at least five Daikin-brand fan coil units installed in the attic of his residence. Except as specifically admitted, Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, which has the effect of a denial.

9. Daikin Applied denies the allegations contained in Paragraph 9 of the Complaint.

10. Daikin Applied denies the allegations contained in Paragraph 10 of the Complaint.

11. Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, which has the effect of a denial.

12. Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, which has the effect of a denial.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Daikin Applied states only that, in or about May 2017, Daikin Applied shipped to Plaintiff's residence two replacement fan coil units for installation, and that Daikin Applied installed the two replacement fan coil units. Daikin Applied denies each and every remaining allegation contained in Paragraph 13 of the Complaint.

14. Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, which has the effect of a denial.

15. Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, which has the effect of a denial.

16. Daikin Applied denies the allegations contained in Paragraph 16 of the Complaint.

17. Daikin Applied denies the allegations contained in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Daikin Applied affirmatively states that it received a letter from Plaintiff's counsel dated September 13, 2018, and refers to that

letter, which speaks for itself. Except as specifically admitted, Daikin Applied denies each and every remaining allegation contained herein.

19. Daikin Applied denies the allegations contained in Paragraph 19 of the Complaint.

20. Daikin Applied denies the allegations contained in Paragraph 20 of the Complaint.

21. Daikin Applied denies the allegations contained in Paragraph 21 of the Complaint.

22. Daikin Applied denies the allegations contained in Paragraph 22 of the Complaint.

23. Daikin Applied denies the allegations contained in Paragraph 23 of the Complaint.

24. The allegations set forth in Paragraph 24 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, which has the effect of a denial.

25. The allegations set forth in Paragraph 25 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Daikin Applied denies the allegations contained in Paragraph 25 of the Complaint.

26. Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, which has the effect of a denial.

27. Daikin Applied denies the allegations contained in Paragraph 27 of the Complaint.

28. Daikin Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, which has the effect of a denial.

29. Daikin Applied denies the allegations contained in Paragraph 29 of the Complaint.

30. Daikin Applied denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT I – BREACH OF CONTRACT

31. Daikin Applied restates and incorporates by reference its answers to Paragraphs 1 through 30 as if set forth fully herein.

32. Daikin Applied denies the allegations contained in Paragraph 32 of the Complaint.

33. Daikin Applied denies the allegations contained in Paragraph 33 of the Complaint.

34. Daikin Applied denies the allegations contained in Paragraph 34 of the Complaint.

35. Daikin Applied denies the allegations contained in Paragraph 35 of the Complaint.

36. Daikin Applied denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT II – REVOCATION OF ACCEPTANCE, PURSUANT TO § 672.711 OF THE FLORIDA STATUTES

37.     Daikin Applied restates and incorporates by reference its answers to Paragraphs 1 through 36 as if set forth fully herein.

38.     In response to Paragraph 38 of the Complaint, Daikin Applied states that it received a letter from Plaintiff's counsel dated September 13, 2018, and refers to that letter, which speaks for itself.  Except as specifically admitted, Daikin Applied denies each and every remaining allegation contained herein.

39.     In response to Paragraph 39 of the Complaint, Daikin Applied states that it sent a letter dated October 9, 2018 to counsel for Plaintiff in response to Plaintiff's September 13, 2018 letter, and refers to that letter, which speaks for itself.  Except as specifically admitted, Daikin Applied denies each and every remaining allegation contained herein.

40.     In response to the allegations in Paragraph 40 of the Complaint, Daikin Applied admits that Plaintiff demands removal of the Daikin Units and the reimbursement for the costs associated with the Daikin Units, but Daikin Applied denies that Plaintiff is entitled to such relief.  Except as specifically admitted, Daikin Applied denies each and every remaining allegation therein.

In response to the unnumbered paragraph following Paragraph 40 of the Complaint beginning "WHEREFORE," Daikin Applied denies, generally and specifically, that Plaintiff is entitled to judgment against or any relief whatsoever from Daikin Applied, and Daikin Applied denies, generally and specifically, each and every remaining allegation contained therein.

## COUNT III – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE ACT, §§ 501.201 TO 501.213 OF THE FLORIDA STATUTES

41. Daikin Applied restates and incorporates by reference its answers to Paragraphs 1 through 40 as if set forth fully herein.

42. Daikin Applied denies the allegations contained in Paragraph 42 of the Complaint.

43. Daikin Applied denies the allegations contained in Paragraph 43 of the Complaint.

In response to the unnumbered paragraph following Paragraph 43 of the Complaint beginning "WHEREFORE," Daikin Applied denies, generally and specifically, that Plaintiff is entitled to judgment against or any relief whatsoever from Daikin Applied, and Daikin Applied denies, generally and specifically, each and every remaining allegation contained therein.

## COUNT IV – VIOLATION OF MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2310(D)(1)

44. Daikin Applied restates and incorporates by reference its answers to Paragraphs 1 through 43 as if set forth fully herein.

45. The allegations set forth in Paragraph 45 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Daikin Applied states that the Magnuson-Moss Warranty Act speaks for itself and otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46. The allegations set forth in Paragraph 46 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Daikin Applied states that the Magnuson-Moss Warranty Act speaks for itself and otherwise denies the allegations contained in Paragraph 46 of the Complaint.

47. The allegations set forth in Paragraph 47 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Daikin Applied states that the Magnuson-Moss Warranty Act speaks for itself and otherwise denies the allegations contained in Paragraph 47 of the Complaint.

48. The allegations set forth in Paragraph 48 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Daikin Applied denies the allegations contained in Paragraph 48 of the Complaint.

49. Daikin Applied denies the allegations contained in Paragraph 49 of the Complaint.

In response to the unnumbered paragraph following Paragraph 49 of the Complaint beginning "WHEREFORE," Daikin Applied denies, generally and specifically, that Plaintiff is entitled to judgment against or any relief whatsoever from Daikin Applied, and Daikin Applied denies, generally and specifically, each and every remaining allegation contained therein.

## COUNT V – BREACH OF EXPRESS WARRANTY

50. Daikin Applied restates and incorporates by reference its answers to Paragraphs 1 through 49 as if set forth fully herein.

51. Daikin Applied denies the allegations contained in Paragraph 51 of the Complaint.

52. Daikin Applied denies the allegations contained in Paragraph 52 of the Complaint.

53. Daikin Applied denies the allegations contained in Paragraph 53 of the Complaint.

54. Daikin Applied denies the allegations contained in Paragraph 54 of the Complaint.

In response to the unnumbered paragraph following Paragraph 54 of the Complaint beginning "WHEREFORE," Daikin Applied denies, generally and specifically, that Plaintiff is entitled to judgment against or any relief whatsoever from Daikin Applied, and Daikin Applied denies, generally and specifically, each and every remaining allegation contained therein.

## DEMAND FOR JURY TRIAL

Daikin Applied admits that Plaintiff requested a jury trial but denies that Plaintiff has any basis in fact or law to maintain this action against Daikin Applied.

## AFFIRMATIVE DEFENSES

Daikin Applied sets forth the following affirmative defenses to the Complaint. Daikin Applied reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### First Affirmative Defense

The Complaint fails to set forth facts sufficient to state claims upon which relief may be granted against Daikin Applied and further fails to state facts sufficient to entitle Plaintiff to the relief sought or to any other relief whatsoever.

### Second Affirmative Defense

The Complaint fails to join a necessary party under Federal Rule of Civil Procedure 19.

### Third Affirmative Defense

Plaintiff's claims fail because he did not provide reasonably prompt or proper notice of the alleged breaches, to the prejudice of Daikin Applied.

**Fourth Affirmative Defense**

Plaintiff's claims fail because all damages that he allegedly suffered were caused by his own, or his contractors' or agents' or servicers', acts or omissions including, but not limited to faulty installation, servicing, maintenance work, use of improper parts, and/or contractor incompetence, dishonesty, or fraud.

**Fifth Affirmative Defense**

Plaintiff's claims fail because of misuse or abuse of the product.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by alteration or modification of the product.

**Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because they failed to mitigate their alleged damages.

**Eighth Affirmative Defense**

Plaintiff's claims are barred by the applicable statute of limitations.

**Ninth Affirmative Defense**

Plaintiff's claims are barred by the applicable statute of repose.

**Tenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of estoppel.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred due to release.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of waiver.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred by the economic loss doctrine.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred due to lack of privity.

**Sixteenth Affirmative Defense**

Plaintiff's claims are barred due to spoliation of evidence.

**Seventeenth Affirmative Defense**

Daikin Applied reserves the right to seek contribution and/or indemnity from other parties or those parties not joined in this action.

WHEREFORE, Defendant Daikin Applied requests:

(1) That this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: January 9, 2019

Respectfully submitted,

*s/ Erika S. Whyte*
Erika S. Whyte
Florida Bar No. 91133
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
Email: ewhyte@jonesday.com

Allison L. Waks (admitted *pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
awaks@jonesday.com

*Counsel for Defendant Daikin Applied Americas, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 9, 2019, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will prompt service upon all counsel of record as identified on the Notice of Electronic Filing.

                                                *s/ Erika S. Whyte*
                                                Erika S. Whyte

                                                *Counsel for Defendant Daikin Applied Americas, Inc.*